UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT JONES,

                                        Plaintiff,        9:08-CV-0364
                                                                  (GLS)

    v.

GLENN S. GOORD, Commissioner;
LESTER WRIGHT, M.D., Deputy Commissioner;
WILLIAM LAPE, Superintendent;
KARAS MARTIN, Nurse Administrator[1],

                                        Defendants.
_____

APPEARANCES:                                OF COUNSEL:

ROBERT JONES
Plaintiff, *pro se*

HON. ANDREW M. CUOMO               DOUGLAS J, GOGLIA, Esq.
New York State Attorney General        Assistant Attorney General
Attorney for Defendants

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION AND ORDER

Presently before the Court is a Second Amended Complaint from *pro se* plaintiff Robert Jones. Dkt. No. 34. Jones submitted this Second Amended Complaint in accordance with the Decision and Order of this Court filed November 21, 2008 granting Jones leave to amend his complaint. *See* Dkt. No. 32.

In this action, Jones claims that defendants violated his Eighth Amendment rights by conditioning his receipt of the Hepatitis C drug therapy regimen upon his completion

---

    [1] According to the Acknowledgment of Service (Dkt. No. 12) and as set forth in the Second Amended Complaint (Dkt. No. 34), the correct name of this defendant is Sandra Martin-Karas. The Clerk of the Court is directed to revise the docket accordingly.

of a Department of Correctional Services Alcohol and Substance Abuse Treatment program.  See Dkt. No. 9.[2]

Upon review, the Court finds that Jones' Second Amended Complaint is a complete pleading which substantially complies with the Court's prior Decision and Order as it relates to the original defendants and to the four additional individual defendants who were the subject of Jones' motion to amend.

The Court notes, however, that the Second Amended Complaint also lists two John Doe defendants.  *See* Dkt. No. 34 at 3.  John Doe #1 is identified as a doctor at Downstate Correctional Facility; John Doe # 2 is said to be a doctor at Sing Sing Correctional Facility.  *Id.*  Although the body of the complaint does not include any factual allegations regarding these two physicians, Jones claims in the Sixth Cause of Action that they failed to provide him with adequate medical care for his Hepatitis C in violation of his Eighth Amendment rights.  *Id.* at 16-17.  According to the facts set forth in the Second Amended Complaint, Jones was confined at Downstate Correctional Facility in April of 1998 and again in February of 2000.  *See id.* at 4-7.  Jones was transferred to Sing Sing Correctional Facility in February of 2000 and remained there until October of 2000.  *Id.* at 7-8.

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years."  *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995).  A §1983 cause of action accrues "when the plaintiff knows

---

[2] As detailed by the Court in its Order filed April 11, 2008, the other claims asserted in the amended complaint were dismissed by Hon. Richard J. Arcara, Chief United States District Judge for the Western District of New York, prior to the transfer of this action to the Northern District.  *See* Dkt. No. 15.

or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d 574, 575 (2d Cir. 1994)).  "Thus, in determining when the statute begins to run, the "'proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful.'" *Covington*, 916 F.Supp. at 285 (citations omitted).

It clearly appears that any claims Jones might have against these individuals arising from their alleged failure to "note plaintiff's prior diagnoses for hepatitis C" and "to provide plaintiff with adequate medical treatment" for this condition arose no later than October of 2000 and are, therefore, time-barred.  Moreover, because the Second Amended Complaint does not sufficiently allege that these individuals were personally involved in Jones' medical care, the Second Amended Complaint fails to state a claim against them upon which relief may be granted by this Court.  Accordingly, the Sixth Cause of Action is dismissed and the Clerk of the Court is directed to terminate defendants John Doe #1 and John Doe #2 as parties to this action.

WHEREFORE, it is hereby

ORDERED, that the Second Amended Verified complaint is the operative pleading in this action, and it is further

ORDERED, that the Sixth Cause of Action is dismissed, and it is further

ORDERED, that the Clerk of the Court is directed to revise the docket to reflect that Lucien LaClair, Nancy Jane Larkin, Kathleen M. Taylor and Donna M. Richardson are defendants in this action, to terminate defendants John Doe #1 and John Doe #2 as parties to this action, and to correctly identify defendant Sandra Martin-Karas, and it is

further

ORDERED, that the Clerk shall issue amended summonses and forward them, along with copies of the Second Amended Complaint, to the United States Marshal for service upon the new defendants.  The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order, and it is further

ORDERED, that a response to the Second Amended Complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure, and it is further

ORDERED, that all pleadings, motions and other documents must bear the case number assigned to this action and must be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Jones must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Jones is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

4

ORDERED, that the Clerk serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated: January 23, 2009

_____
United States District Court Judge